United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO FLORES GONZALEZ, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>CITY OF SAN JOSE, et al.,<br><br>　　　　　Defendants. | Case No.  25-cv-06340-PCP<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 27 |

Defendants the City of San José, the San José Police Department, and named and Doe police officers move to dismiss the first amended complaint of plaintiffs Alejandro, Daniel, and Jose Flores Gonzalez. Plaintiffs allege three claims under 42 U.S.C. § 1983 for alleged violations of the Fourth, Fourteenth, and First Amendments arising from a traffic stop. For the reasons below, defendants' motion to dismiss is granted in part and denied in part.

## BACKGROUND

Defendant officers Jack Trevor Leglu, Jose Alvarez, and "Doe No.1" Cazarez are employed by the San José Police Department. Dkt. No. 20 (FAC) ¶¶ 6–8.[1] On July 30, 2023, plaintiffs Alejandro, Daniel, and Jose Flores Gonzalez, "male persons of Hispanic ethnicity," were driving in San José. FAC ¶ 16. Leglu and Alvarez, in a marked patrol vehicle, followed plaintiffs' vehicle for over a mile before activating their lights and siren and pulling plaintiffs over. FAC ¶ 16. Leglu approached Alejandro at the driver's side window and asked why the vehicle's rear license plate was missing a month registration sticker. FAC ¶ 17. Alejandro provided his driver's

---

[1] For the purposes of defendants' motion to dismiss, the Court accepts the truth of the facts alleged in plaintiffs' first amended complaint.

license before Leglu told him to exit the car to look at the license plate and speak with him. FAC ¶¶ 17–18. Plaintiffs allege "that there was nothing irregular with the rear license plate," that Alejandro exited the vehicle to see "the supposed missing month sticker," and that Alejandro understood the officers were "referring to the registration sticker on the rear license plate." FAC ¶¶ 17, 31–32. According to plaintiffs, by this point "[d]efendant[s] Leglu and Alvarez knew that there was nothing irregular concerning the month and year stickers on the rear license plate of the car." FAC ¶ 17.

After Alejandro exited the car, Leglu instructed Alejandro to place his hands on the rear window so Leglu could check him for weapons. FAC ¶ 18. Leglu "immediately grabbed him, turned him around, and slammed him violently against the vehicle and handcuffed him." FAC ¶ 18. Alvarez then pointed his pistol toward Daniel and Jose, who were in the car with their hands up, and called for additional units. FAC ¶ 18. Leglu conducted a body search of Alejandro and found his legally registered pistol. FAC ¶ 10. Daniel and Jose were ordered to exit the vehicle and were handcuffed and searched. FAC ¶ 20. Alejandro was ultimately charged with a misdemeanor and "jailed until released." FAC ¶ 26.

When Jose first saw the patrol vehicle's lights flashing, he began a video recording on his phone. FAC ¶ 21. When he later exited the vehicle, he left his phone, still recording, in the backseat. FAC ¶ 21. Cazarez turned off the recording when he searched the vehicle. FAC ¶ 21.

Plaintiffs filed this action, Dkt. No. 1, then filed a first amended complaint, Dkt. No. 18, and a corrected first amended complaint, FAC. Plaintiffs allege three claims against the defendant officers under 42 U.S.C. § 1983: (1) Fourth Amendment violations involving an unlawful seizure, an unlawful search, and the use of excessive force; (2) a Fourteenth Amendment equal protection violation; and (3) a First Amendment violation. Plaintiffs also assert a *Monell* claim against the City. Dkt. No. 30 (Opp'n), at 8. Defendants now move to dismiss all claims in the complaint for failure to state a claim.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil

2

Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the nonmoving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## ANALYSIS

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Local governments are "persons" subject to liability under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Defendants challenge each of plaintiffs' claims, arguing they fail to allege constitutional deprivations.

### I.    Plaintiffs state a Fourth Amendment § 1983 claim for unlawful seizure and, as to Alejandro, for unlawful search and excessive force.

#### A.    Unlawful Seizure

Plaintiffs' claims of unlawful seizure, unlawful search, and excessive force are premised, in part, on their allegations that the defendant officers pulled them over based on pretext and

United States District Court
Northern District of California

without cause. Plaintiffs allege "that there was nothing irregular with the rear license plate," that Alejandro exited the vehicle to see "the supposed missing month sticker," and that by the time Alejandro exited the car, defendants "knew that there was nothing irregular concerning the month and year stickers on the rear license plate of the car." FAC ¶¶ 17, 31–32. These allegations are sufficient to plead that there was in fact nothing irregular with the registration stickers on the license plate, which was the justification provided by the officers for the stop.[2] Plaintiffs thus plausibly allege that the officers lacked probable cause to believe a traffic violation had occurred and to seize them on that basis. *See Whren v. U.S.*, 517 U.S. 806, 809 (1996).

Even in the absence of probable cause, a traffic stop may be lawful as a temporary detention under the framework established in *Terry v. Ohio*, 392 U.S. 1 (1968). *See Arizona v. Johnson*, 555 U.S. 323, 326, 330 (2009). "[I]n a traffic-stop setting, the first *Terry* condition—a lawful investigatory stop—is met whenever it is lawful for police to detain an automobile and its occupants pending inquiry into a vehicular violation." *Id.* at 327. For the same reasons the officers allegedly lacked probable cause, however, plaintiffs' allegations are sufficient to plausibly plead that the officers lacked a reasonable suspicion of a traffic violation sufficient to justify a temporary detention of the vehicle. *See United States v. Mariscal*, 285 F.3d 1127, 1133 (9th Cir. 2002) ("[W]here, as here, the objective facts of record demonstrate that no officer could have a reasonable suspicion that the driver of a vehicle had violated a traffic law, the traffic stop was a violation of the Fourth Amendment."). Factual evidence developed at a later phase of the case may reveal the officers had a reasonable suspicion, but taking plaintiffs' allegations as true, as the Court must, plaintiffs adequately allege a lack of reasonable suspicion to justify a temporary traffic stop. Accordingly, they plead an unlawful seizure.

As to the handcuffing of Alejandro, the parties appear to agree it constituted an arrest rather than a *Terry* stop detention. *See* Mot. 12; Opp'n 6. Leglu allegedly handcuffed Alejandro after he exited the vehicle to look at the license plate, at which point the only reason for the arrest

_____

[2] California Vehicle Code § 5204(a)(1) requires "month and year tabs" be attached to the rear license plate.

United States District Court
Northern District of California

could have been the alleged vehicle code infraction. As noted already, however, plaintiffs allege that defendants were aware by that time that no such infraction existed. Because Leglu allegedly lacked probable cause for even this minor vehicle code infraction, the arrest was plausibly unlawful. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).[3]

Accordingly, plaintiffs adequately plead a § 1983 unlawful seizure claim based on the traffic stop and Alejandro's arrest.

### B.    Unlawful Search

Because Alejandro's arrest was unlawful, Leglu's pat-down of Alejandro cannot be justified as a search incident to a lawful arrest. *See U.S. v. Robinson*, 414 U.S. 218, 224 (1973). Although an officer may pat down a driver and passengers upon reasonable suspicion that they may be armed and dangerous as part of a lawful traffic stop under *Terry*, the traffic stop here was unlawful because it was unsupported by reasonable suspicion of a traffic violation. *See Johnson*, 555 U.S. at 326, 332.

As to the search of the vehicle, defendants concede that "a custodial arrest for worn or faded registration may not legitimately support a search of the vehicle for further evidence of a registration violation. Neither would lawful possession of a properly registered firearm—which without further context does not necessarily constitute a criminal offense." Mot. 13. Defendants argue, however, that the Court cannot determine whether the search was lawful without knowing other circumstances of Alejandro's firearm possession, such as whether the firearm was concealed or loaded, which could amount to a crime. Mot. 13. This is a factual argument inappropriate for the motion to dismiss stage.

Whether or not the vehicle search was lawful, however, defendants are correct that "[p]laintiffs do not identify or allege any other specific ownership, possessory, or other legitimate privacy interest in the car" to allow them to state a claim. Mot. 13. To have standing to assert a

---

[3] Defendants argue that temporarily detaining, handcuffing, and conducting pat-down searches of Daniel and Jose did not constitute unlawful seizures or searches. Mot. 13. Plaintiffs do not raise any arguments in opposition and thus have waived these claims. *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011).

United States District Court
Northern District of California

Fourth Amendment unreasonable search claim, plaintiffs must have a possessory interest or a "reasonable expectation of privacy" in the vehicle that was violated by the search. *U.S. v. Pulliam*, 405 F.3d 782, 786 (9th Cir. 2005). Here, plaintiffs do not allege any facts to establish their interests in the vehicle and do not challenge defendants' argument that they lack standing. Accordingly, plaintiffs plead a § 1983 claim for an unlawful search of Alejandro but not of the vehicle.

### C.    Excessive Force

Plaintiffs allege an excessive force claim based on allegations that Leglu "slammed" Alejandro against the vehicle when Alejandro went to look at the license plate and before he was handcuffed and arrested. Whether a particular use of force is reasonable depends on "the facts and circumstances, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396–97 (1989). Under the facts pleaded in the complaint, slamming Alejandro into the vehicle was "objectively unreasonable" because the crime at issue was a vehicle code violation and Alejandro was allegedly cooperative and not resisting arrest or attempting to flee. Plaintiffs therefore state a § 1983 claim for excessive force by Leglu against Alejandro.

Plaintiffs also argue that the defendant officers used excessive force against Daniel and Jose by holding them at gunpoint and forcibly removing, handcuffing, and searching them. Opp'n 7. It is not clear from the first amended complaint that plaintiffs bring the excessive force claim on behalf of Daniel and Jose, and nowhere does the complaint allege they were "forcibly" removed from the vehicle. Because the Court grants plaintiffs leave to amend, it declines to consider the cursory arguments regarding the possible use of excessive force against Daniel and Jose.

## II.    Plaintiffs fail to state a Fourteenth Amendment § 1983 claim.

Plaintiffs claim that their equal protection rights under the Fourteenth Amendment were violated because the vehicle stop was pretextual and they were stopped "solely or substantially" because they are Hispanic men. FAC ¶ 39. Even though plaintiffs adequately allege the vehicle stop was pretextual because the license plate stickers complied with the Vehicle Code, their

United States District Court
Northern District of California

allegations that the stop was motivated by race are speculative. The proffered statistics that Leglu arrests or stops significantly more Hispanic individuals than individuals of other races/ethnicities are insufficient to allege discriminatory motive without additional information, such as how his arrest/stop rate of Hispanic individuals compares to those of other officers who work in the same area, or how that rate compares to the demographics of the areas in which Leglu works. *See* FAC ¶ 24. Because plaintiffs' operative complaint fails to plausibly allege an equal protection violation, their Fourteenth Amendment § 1983 claim is dismissed with leave to amend.

### III.    Plaintiffs state a First Amendment § 1983 claim on behalf of Jose against Cazarez.

Plaintiffs allege that Jose was recording the interaction with the defendant officers on his phone, which he left on the seat in the vehicle, still recording, when he got out of the car, and that Cazarez turned off the recording when he searched the vehicle. An officer performing official duties in public may be recorded. *Askins v. United States Department of Homeland Security*, 899 F.3d 1035, 1044 (9th Cir. 2018). The "creation" of speech by recordings is also protected by the First Amendment. *Project Veritas v. Schmidt*, 125 F.4th 929, 942–43 (9th Cir. 2025). Turning off a recording of law enforcement activity therefore interferes with First Amendment rights. *See id.* at 943–946. Accordingly, plaintiffs state a § 1983 claim against Cazarez on behalf of Jose for this alleged First Amendment violation.

### IV.    Plaintiffs fail to state a *Monell* claim.

Plaintiffs argue that dismissal of their *Monell* claim is inappropriate and premature. Opp'n 8. But Plaintiffs do not plausibly allege a *Monell* claim. Plaintiffs allege each of their three claims against only the defendant officers and not against any city entity. And the first amended complaint does not identify any policy, widespread practice, decision of a person with final policymaking authority, or inadequate training that caused plaintiffs' constitutional injuries. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *City of Canton v. Harris*, 489 U.S. 378 (1989). As a result, they fail to state a *Monell* claim against the City or the San José Police Department. That claim is therefore dismissed with leave to amend.

United States District Court
Northern District of California

7

**CONCLUSION**

Defendants' motion to dismiss the first amended complaint is granted in part and denied in part. Plaintiffs state a § 1983 claim for unreasonable seizure in violation of the Fourth Amendment. Plaintiff Alejandro also states § 1983 claims against Officer Leglu for an unreasonable search and for excessive force in violation of the Fourth Amendment. Plaintiff Jose states a § 1983 claim for a violation of the First Amendment against Officer Cazarez. Plaintiffs' remaining claims are dismissed with leave to amend.

Plaintiffs must file a second amended complaint or statement indicating they do not intend to amend the complaint by February 23, 2026. Any amended complaint should clarify which plaintiffs are bringing which claims against which defendants. If no amended complaint is filed, the claims dismissed in this order will be dismissed with prejudice and without further leave to amend, except that plaintiffs' Fourteenth Amendment claim will be dismissed without prejudice and with permission to seek leave to amend should discovery reveal a factual basis for that claim.

**IT IS SO ORDERED.**

Dated: January 26, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California