UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEJANDRO FLORES GONZALEZ, et al.,

        Plaintiffs,

    v.

CITY OF SAN JOSÉ, et al.,

        Defendants.

Case No.  5:25-cv-06340-PCP

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Re: Dkt. No. 41

Defendants the City of San José, the San José Police Department, and named and Doe police officers move to dismiss the second amended complaint of plaintiffs Alejandro, Daniel, and Jose Flores Gonzalez. Plaintiffs allege claims four under 42 U.S.C. § 1983 for alleged violations of their constitutional rights arising from a traffic stop. For the reasons below, defendants' motion to dismiss is granted in part and denied in part.

**BACKGROUND**

This case involves an allegedly unconstitutional traffic stop by defendant San José Police Department officers Jack Trevor Leglu, Jose Alvarez, and "Doe No.1" Cazarez.[1] Plaintiffs Alejandro, Daniel, and Jose Flores Gonzalez were pulled over by defendants in a pretextual stop and then violently and unconstitutionally detained.[2] Jose Flores Gonzalez recorded the arrest on his cell phone, which defendant Cazarez turned off while he searched the car.

Plaintiffs filed this action then filed a first amended complaint. This Court granted the

---

[1] For the purposes of defendants' motion to dismiss, the Court accepts the truth of the facts alleged in plaintiffs' second amended complaint.

[2] The Court's previous order provides further background on the facts of the case. *See Gonzalez v. City of San José*, No. 25-CV-06340-PCP, 2026 WL 194851, at *1 (N.D. Cal. Jan. 26, 2026).

United States District Court
Northern District of California

defendants' subsequent motion in part, dismissing plaintiffs' Fourteenth Amendment and *Monell* claims with leave to amend. Plaintiffs then filed their second amended complaint.

Plaintiffs assert the same claims that asserted in their first amended complaint: 42 U.S.C. § 1983 claims for violations of their Fourth Amendment right against unlawful searches and seizures, their Fourteenth Amendment right to equal protection under the law, and their First Amendment right to free speech, as well as a section 1983 claim against the city of San José and the San José Police Department under a theory of *Monell* liability. Defendants now move to dismiss the Fourteenth Amendment and *Monell* claims under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the nonmoving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

United States District Court
Northern District of California

**ANALYSIS**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Local governments are "persons" subject to liability under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Section 1983 suits against local governments cannot solely rely on respondeat superior liability, however; the plaintiff must also establish that the local government had a "deliberate policy, custom, or practice that was the moving force behind the constitutional violation." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (quoting *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007)).

**I.    Plaintiffs plausibly allege a violation of their Fourteenth Amendment right to equal protection.**

The Equal Protection Clause of the Fourteenth Amendment bars any state from denying "'to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Or.,* 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe,* 457 U.S. 202, 216 (1982)). To prevail on an equal protection claim, a plaintiff must show that a similarly situated class has been treated disparately. *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1063 (9th Cir. 2014). While the similarly situated groups need not be identical, they must be alike "in all relevant respects." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992) (citation omitted); *see also Thornton v. City of St. Helens,* 425 F.3d 1158, 1167 (9th Cir. 2005) (noting that the purpose of comparing similarly situated persons is "so that the factor motivating the alleged discrimination can be identified").

The Court dismissed plaintiffs' earlier Fourteenth Amendment claim, concluding that plaintiffs' "allegation[] that the stop was motivated by race [was] speculative." *Gonzalez*, 2026 WL 194851, at *4. The Court noted that without additional information, such as an allegation regarding how the rate of Leglu's stops compared with the demographics of the areas in which Leglu worked, plaintiffs failed to plausibly allege an equal protection violation. The second amended complaint now alleges that 51% of the people Leglu arrests and 73% of the people he

3

stops are Latino, and that San José is approximately 30% Latino. The complaint also notes a California Court of Appeal case finding a substantial likelihood that defendant Leglu exhibited bias towards Latino people. *Hernandez v. Super. Ct.*, 115 Cal. App. 5th 1120, 1137 (2025).

Defendants argue that plaintiffs' allegations remain inadequately specific to plausibly allege that similarly situated groups were treated differently. Because San José is the largest city in Northern California, they argue, it is unclear if plaintiffs' proffered statistics showing Leglu's disproportionate rates of stops and arrests of Latinos reflect the demographics of the areas of the city in which he works. But at this stage, the statistics plaintiffs have identified are sufficient to plausibly allege a violation of plaintiffs' equal protection rights. *See Gonzalez*, 2026 WL 194851, at *4. Discovery will presumably generate more targeted data regarding the defendants' practices, including the demographics of the specific areas in which Leglu made arrests.

Accordingly, defendants' motion to dismiss plaintiffs' equal protection claim is denied.

## II.    Plaintiffs do not plausibly allege a *Monell* claim.

Plaintiffs seeking recourse under *Monell* must allege that: (1) they had a constitutional right of which they were deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to their constitutional rights; and (4) the policy is the moving force behind the violation. *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021). The policy need not be written or formal, but a plaintiff must at least allege facts plausibly suggesting "the existence of an unconstitutional practice or custom." *Taylor v. Gen. Hosp.*, No. 23-CV-05652-PCP, 2024 WL 1643595, at *2 (N.D. Cal. Apr. 15, 2024) (quoting *Gordon*, 6 F.4th at 974). "Individual action [generally] does not rise to the level of the 'well-settled,' 'widespread' practices contemplated in the cases discussing municipal liability." *Sloman v. Tadlock*, 21 F.3d 1462, 1470 (9th Cir. 1994).

The second amended complaint fails to allege any facts that would support a cause of action under *Monell*. Plaintiffs point to the statistical disparity in Leglu's stops and arrests of Latinos to support their claim. But this data is not evidence of a concerted discriminatory policy as opposed to individual action by Leglu alone.

Additionally, while Alvarez stated that his "training" identified the intersection where the incident occurred as a "known gang area," the existence of a policy without further factual

United States District Court
Northern District of California

United States District Court
Northern District of California

allegations evidencing deliberate indifference to plaintiffs' rights is not enough to give rise to *Monell* liability. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). True, stopping individuals based on their presence in a neighborhood rather than on the basis of specific individualized suspicion may be an equal protection or Fourth Amendment violation. *See Sialoi v. City of San Diego*, 823 F.3d 1223, 1235 (9th Cir. 2016). But plaintiffs fail to plead facts suggesting a larger policy of indiscriminate stopping. Instead, they merely point to the fact that the police department has identified the area where plaintiffs were stopped as a high-crime area.

Next, plaintiffs argue that the city has an inadequate system for supervising officers and investigating complaints. For support, they point to the city's failure to discipline Leglu for his pattern of disparate stops. But a single incident is not enough to establish a policy or custom. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989). And more fundamentally, plaintiffs fail to allege that the city and police department were on notice of any possible violations, or that they declined to investigate their officers for those violations.

Accordingly, plaintiffs have not plausibly alleged a *Monell* violation in the second amended complaint.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted in part. Plaintiffs plausibly allege a violation of their right to equal protection under the Fourteenth Amendment. Plaintiffs' *Monell* claim is not plausibly alleged and is therefore dismissed. This dismissal is without prejudice but without further leave to amend at this time. Plaintiffs may seek leave to re-allege that claim if future discovery generates evidence to support a *Monell* claim. Because the Court previously granted plaintiffs' request to vacate all pending case deadlines, defendants' deadline to respond to the second amended complaint is stayed pending further order of the Court.

**IT IS SO ORDERED.**

Dated: May 4, 2026

_____
P. Casey Pitts
United States District Judge

5